

**George Latimer**
**County Executive**

Department of Law

John M. Nonna
County Attorney

**VIA CM/ECF**

Hon. Philip M. Halpern
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

> Application for pre-motion conference granted. The Court shall hold a telephonic conference on March 2, 2021 at 1:00 p.m. At the time of the scheduled conference, all parties shall call: (888) 398-2342; access code: 3456831.
>
> As for the timing of disclosures required under the Plan for Certain § 1983 Cases Against Police Departments ("the Plan"), as written, the stay referenced by the County Defendants does not apply to deadlines apart from those contained in Paragraph 3. The County Defendants are directed to comply with their disclosure and mediation obligations under the Plan.
>
> The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 38.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  New York, New York
>         February 8, 2021

**Re:   Letter Motion for:**

   **(i) Pre-Motion Conference in Advance of Motion to Dismiss—or,
       in the Alternative, Waiver of Pre-Motion Conference; and**

   **(ii) Confirmation that the County Defendants' Obligations to Participate in
        Disclosures and/or Mediation Pursuant to the § 1983 Plan is Stayed**

*Tarrant v. City of Mount Vernon*, No. 20-cv-9004 (PMH) (S.D.N.Y.)

Your Honor,

In accordance with Your Individual Practices in Civil Cases, revised September 2, 2020 (the "IP"), defendants County of Westchester (the "County"), Westchester County District Attorney's Office (the "DA's Office"), District Attorney Anthony A. Scarpino, Jr.; Assistant District Attorney John C. Thomas; Assistant District Attorney Patrick Marcarchuk; Assistant District Attorney Elizabeth J. Knowlton; Assistant District Attorney Catalina Blanco Buitrago; and Assistant District Attorney Maria I. Wager (collectively "County Defendants") hereby move by letter motion for:

   (i)   a pre-motion conference ("PMC")—or, in the alternative, waiver of the PMC
         requirement—in advance of filing a motion to dismiss the Second Amended

Michaelian Office Building
148 Martine Avenue, 6th Floor
White Plains, New York 10601          Telephone:  914-995-2660          Fax:  914- 995-3132



    Complaint (the "SAC") of plaintiff Gordon Tarrant ("Plaintiff") pursuant to Rule 12(b) of the Federal Rules of Civil Procedure ("FRCP"); and

(ii) Confirmation that County Defendants' Obligations to Participate in Disclosures and/or Mediation Pursuant to *The Plan for Certain § 1983 Cases Against Police Departments in Westchester, Rockland, Putnam, Orange, Dutchess or Sullivan Counties* (the "§ 1983 Plan") is Stayed.

**PMC Relief**

*Exchange-of-Letters Requirement*: The parties have already complied with the applicable exchange-of-letters requirement. *See* IP ¶ 4(C).

*Anticipated Rationale for County Defendants' Proposed Motion to Dismiss*: The County Defendants' anticipated rationale is exceedingly straightforward:

- The six individually named defendants, each of whom is or was a prosecutor in the DA's Office, are immune from liability for the acts complained of the SAC. *Compare* SAC ¶ 67 (faulting an unidentified ADA for interviewing a police officer in the scope of prosecuting the underlying criminal matter), *and* SAC ¶¶ 69–70 (faulting unidentified ADA's for offering plea deals), *with Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) ("[A] state prosecutor ha[s] absolute immunity for the initiation and pursuit of a criminal prosecution . . . ." (citation omitted)); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) ("[A]bsolute immunity protects a prosecutor from § 1983 liability for virtually all acts, regardless of motivation, associated with his [or her] function as an advocate."). Indeed Plaintiff's theory of liability—that the individual officers "failed to investigate" the underlying charges and "failed to prosecute" the attendant police officers—would turn the law on its head. *Compare* SAC ¶¶ 71–72 (alleging that the

individual County Defendants failed to investigate and failed to prosecute the police officers), *with Bernard v. County of Suffolk*, 356 F.3d 495, 505–06 (2d Cir. 2004) (observing that investigative functions, as opposed to prosecutorial functions, are "shielded only by qualified, not absolute, immunity"); *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution.").

- With respect to the two municipal defendants, Plaintiff fails to make out anything approaching a *Monell* claim. *See, e.g.*, *Rivera v. Westchester County*, No. 18-cv-8354 (KMK), 2019 U.S. Dist. LEXIS 143085, at *18 (S.D.N.Y. Aug. 22, 2019) (citing *McKenzie v. City of Mt. Vernon*, No. 19-cv-603 (VB), 2018 U.S. Dist. LEXIS 217566, at *18 (S.D.N.Y. Dec. 28, 2018) and *Voltaire v. Westchester Cty. Dep't of Soc. Servs.* No. 11-cv-8876 (CS), 2016 U.S. Dist. LEXIS 116409, at *21 (S.D.N.Y. Aug. 29, 2016)).

**Stay of § 1983 Plan As Against County Defendants**

This case has been ordered to participate in the § 1983 Plan. *See* Dkt. Entry for 11/02/2020. The § 1983 Plan obligates all parties to participate in mediation once "the first defendant files its answer." § 1983 Plan ¶ 8. Co-Defendants City of Mount Vernon, Detective Camilo Antonini, Sergeant Stewart, Police Officer Brown, and John Does #1-2 (collectively, "Mount Vernon Defendants") answered the Amended Complaint on December 16, 2020, and mediation was scheduled shortly thereafter. *See* Dkt. Entry No. 27 (Mount Vernon Defendants' Answer to Amended Complaint); Dkt. Entries for 12/28/2020, 12/30/2020. The First Mediation Conference is scheduled for 3/4/2021. *See* Dkt. Entry dated 01/12/2021.

On January 12, 2021, the parties—including County Defendants—attended a pre-mediation conference. During the conference, County Defendants notified the mediator that they were then in the process of exchanging letters in advance of moving to dismiss. The mediator notified County Defendants that unless and until the Court holds otherwise, County Defendants are expected both to participate in mediation and to provide initial disclosures as mandated by the § 1983 Plan. *See* § 1983 Plan ¶ 4(b) (setting forth initial disclosure obligations), ¶ 5 (setting forth the required limited discovery), ¶ 8 (mediation requirements).

Pursuant to the § 1983 Plan, "[i]f any defendant moves to dismiss the entire complaint rather than filing an answer, the deadlines **in this Rule** shall be stayed unless the Court orders otherwise." § 1983 Plan ¶ 3 (emphasis added); *see also* IP ¶ 4(C)(iii) ("Transmittal of a pre-motion letter for a proposed motion pursuant to Fed. R. Civ. P. 12(b) stays the time to answer or move to dismiss until further order of the Court."). Notably, the "Plan for Certain § 1983 Cases Against the City of New York" (the "NYC Plan"), which is codified at SDNY Local Civil Rule 83.10 and which uses language nearly identical to the § 1983 Plan, uses the language "in this Rule" to refer to all deadlines in the NYC Plan. *See* SDNY LCR 83.10. Given that the § 1983 Plan is not codified as a rule in the SDNY Local Civil Rules, the reference is less clear than it could be.

County Defendants therefore seek confirmation that by filing the instant letter motion, its deadlines under the § 1983 Plan are stayed.

Very truly yours,

**JOHN M. NONNA**
Westchester County Attorney
*Attorney for County Defendants*

By: _____
Sean T. Carey (SC8804)
Sr. Assistant County Attorney, of Counsel
148 Martine Avenue, Room 600
White Plains, NY 10601

STC/

CC:     Lauren P. Raysor, Esq. (*via CM/ECF*)
LAW OFFICES OF LAUREN P. RAYSOR
*Counsel for Plaintiff*
11 West Prospect Avenue
Mount Vernon, NY 10550
Lpraysor@aol.com

Andrew C. Quinn, Esq. (*via CM/ECF*)
THE QUINN LAW FIRM
*Counsel for Mount Vernon Defendants*
399 Knollwood Road, Suite 220
White Plains, NY 10603
aquinn@quinnlawny.com

Anthony J. DiFiore, Esq. (*via CM/ECF*)
THE QUINN LAW FIRM
*Counsel for Mount Vernon Defendants*
399 Knollwood Road, Suite 220
White Plains, NY 10603
adifiore@quinnlawny.com

Matthew Kelly Schieffer, Esq. (*via CM/ECF*)
THE QUINN LAW FIRM
*Counsel for Mount Vernon Defendants*
399 Knollwood Road, Suite 220
White Plains, NY 10603
mschieffer@quinnlawny.com

Steven Joseph Bushnell, Esq. (*via CM/ECF*)
THE QUINN LAW FIRM
*Counsel for Mount Vernon Defendants*
399 Knollwood Road, Suite 220
White Plains, NY 10603
sbushnell@quinnlawny.com