UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GORDON TARRANT,

                    Plaintiff,

        -against-

CITY OF MOUNT VERNON, et al.,

                    Defendants.

**MEMORANDUM OPINION
AND ORDER**

20-CV-09004 (PMH)

PHILIP M. HALPERN, United States District Judge:

Gordon Tarrant ("Plaintiff"), proceeding *pro se*, initiated this action under 42 U.S.C. § 1983 and New York State law on November 9, 2020.[1] (Doc. 9). Plaintiff maintains in his Second Amended Complaint ("SAC"), the operative pleading, that his constitutional rights were violated during an April 26, 2018 arrest and related prosecutions. (*See* Doc. 34, "SAC"). Plaintiff's SAC initially alleged seven claims for relief against one or more of seventeen known and unknown Defendants. (*Id*. ¶¶ 88-123). The bulk of these claims and named Defendants have been withdrawn by Plaintiff and will now be dismissed with prejudice. Plaintiff presses two extant and remaining claims for relief under 42 U.S.C. § 1983 for (1) malicious prosecution and (2) illegal search arising from the strip search to which Plaintiff was allegedly subjected during his arrest against the remaining Defendants.

Pending presently is a motion for summary judgment seeking summary judgment and dismissal of this action in its entirety, filed by: (1) the City of Mount Vernon ("City"); (2) Detective Camilo Antonini ("Antonini"); (3) Sergeant Stewart ("Stewart"); (4) Detective Puff ("Puff"); (5) Detective Patrick King ("King"); and (6) Police Officer Brown ("Brown" and collectively, "City

---

[1] Plaintiff was previously represented until his counsel was granted leave to withdraw on April 30, 2021. (Doc. 54). Notwithstanding attempts to retain new counsel, Plaintiff proceeds *pro se*.

Defendants"). (Doc. 92).[2] The City Defendants filed their motion for summary judgment on April 29, 2022. (*Id.*; Doc. 93; Doc. 94, "Def. 56.1"; Doc. 95, "Def. Br."). Plaintiff opposed the motion by memorandum of law—prepared with the assistance of the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the SDNY—filed on September 15, 2022 (Doc. 104, "Pltf. 56.1"; Doc. 105, "Opp. Br."), and the motion was briefed fully with the filing of the City Defendants' reply memorandum of law on September 30, 2022 (Doc. 109, "Reply Br.").

For the reasons set forth below, the City Defendants' motion for summary judgment is GRANTED.

## **BACKGROUND**

I.   Relevant Procedural History

Plaintiff filed this action on November 9, 2020. (Doc. 9). The original Complaint named six defendants: the City, Westchester County, Antonini, Stewart, John Doe #1, and John Doe #2. (*Id.*). Plaintiff filed the First Amended Complaint on November 16, 2020. (Doc. 13, "FAC"). The FAC added Brown, Westchester County District Attorney's Office, District Attorney Anthony A. Scarpino, Assistant District Attorney John C. Thomas, Assistant District Attorney Patrick Marcarchuck, Assistant District Attorney Knowlton, Assistant District Attorney Catalina Blanco Buitrago, Assistant District Attorney Maria I. Wagner, Puff, King, and John Doe #3 as defendants. (*Id.*).

On June 14, 2021, Defendants County of Westchester, Westchester County District Attorney's Office, District Attorney Anthony A. Scarpino, Jr., Assistant District Attorney John C. Thomas, Assistant District Attorney Patrick Marcarchuk, Assistant District Attorney Elizabeth J. Knowlton, Assistant District Attorney Catalina Blanco Buitrago, and Assistant District Attorney

---

[2] Plaintiff's claims against the County Defendants were dismissed pursuant to the Court's December 1, 2021 Order. (*See infra* at 2-3).

Maria I. Wager (collectively, "County Defendants") filed a Motion to Dismiss the SAC. (Doc. 65; Doc. 66; Doc. 67). The Court granted the County Defendants' Motion to Dismiss on December 1, 2021, (Doc. 85) and the case proceeded to discovery as to the City Defendants and two unidentified John Doe defendants. Discovery in this case closed on January 31, 2022. (Doc. 83).

II.   <u>Relevant Factual Background</u>

The Court recites the facts herein only to the extent necessary to adjudicate the extant motion for summary judgment and draws them from: (1) the Second Amended Complaint (Doc. 34); (2) Defendants' Rule 56.1 Statement (Def. 56.1); (3) the Declaration of Steven J. Bushnell in Support of the Motion for Summary Judgment and the exhibits attached thereto (Doc. 93, "Bushnell Decl."); (4) Plaintiff's Rule 56.1 Counterstatement (Doc. 104); (5) Plaintiff's Supplemental Declaration in Opposition to the Motion for Summary Judgment and the exhibits attached thereto (Doc. 106, "Pltf. Suppl. Decl."); and (6) Defendants' Response to Plaintiff's Rule 56.1 Counterstatement (Doc. 107).

King and Antonini participated in a joint narcotics investigation with the Westchester County Department of Public Safety on November 8, 2017. (Def. 56.1 ¶ 25). King, Antonini, and Officer Matthew Lewis ("Lewis")[3] conducted an undercover controlled buy at or around 156 1st Avenue in Mount Vernon, New York. (*Id.* ¶ 26). On November 8, 2017, Lewis met Antonini at a predetermined location and Antonini gave Lewis $20 to conduct the controlled buy of crack cocaine. (*Id.* ¶ 28). Lewis purchased crack cocaine and returned to Antonini, who showed Lewis a picture of Plaintiff. (*Id.* ¶¶ 29-32). Lewis identified Plaintiff as the man that sold him the crack cocaine. (*Id.* ¶ 33; Bushnell Decl., Ex. L).

---

[3] Officer Lewis is not named as a defendant in this action.

On April 24, 2018, relying on Lewis's identification of Plaintiff as the seller of the crack cocaine, Antonini swore to a Felony Complaint charging Plaintiff with Criminal Sale of a Controlled Substance in the Third Degree and an arrest warrant was issued for Plaintiff's arrest. (*Id.* ¶¶ 36-37). Puff and Stewart executed the arrest warrant on April 26, 2018 and Plaintiff was arraigned and released on that same day. (*Id.* ¶¶ 42-43). Plaintiff alleges that, during his arrest, he was subject to a strip search. (SAC ¶ 76; Pltf. 56.1 ¶ 6).

On October 23, 2018, the evidence related to the November 8, 2017 undercover controlled buy was presented to a grand jury. (Def. 56.1 ¶ 44). The grand jury indicted Plaintiff on November 8, 2019. (*Id.* ¶ 45). As the Westchester County District Attorney's Office continued its investigation, it noted that Plaintiff had repeatedly claimed that the individual who sold Lewis the crack cocaine was either Plaintiff's father or Plaintiff's brother. (*Id.* ¶ 46). Lewis told Assistant District Attorney Buitrago that he was not familiar with Plaintiff's family members and could not definitively say whether or not he interacted with Plaintiff's father or Plaintiff's brother on the day of the undercover controlled buy. (*Id.* ¶¶ 47-49). Given that the case against Plaintiff rested solely on Lewis's identification following the controlled buy, Assistant District Attorney Buitrago determined that guilt beyond a reasonable doubt could not be proven, and the charges were dismissed on May 17, 2019. (*Id.* ¶¶ 52-53).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if it 'might affect the outcome of the suit under the governing law,' and is genuinely in dispute 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Liverpool v. Davis*, 442 F.

Supp. 3d 714, 722 (S.D.N.Y. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "'Factual disputes that are irrelevant or unnecessary' are not material and thus cannot preclude summary judgment." *Sood v. Rampersaud*, No. 12-CV-05486, 2013 WL 1681261, at *1 (S.D.N.Y. Apr. 17, 2013) (quoting *Anderson*, 477 U.S. at 248). The Court's duty, when determining whether summary judgment is appropriate, "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *Id.* (quoting *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 60 (2d Cir. 2010)). Indeed, the Court's function is not to determine the truth or weigh the evidence; the task is material issue spotting, not material issue determining. Therefore, "where there is an absence of sufficient proof as to one essential element of a claim, any factual disputes with respect to other elements of the claim are immaterial . . . ." *Bellotto v. Cty. of Orange*, 248 F. App'x 232, 234 (2d Cir. 2007) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 281 (2d Cir. 2006)). Claims simply cannot proceed in the absence of sufficient proof as to an essential element.

"It is the movant's burden to show that no genuine factual dispute exists," *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)), and a court must "resolve all ambiguities and draw all reasonable inferences in the non-movant's favor." *Id.* (citing *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003)). Once the movant has met its burden, the non-movant "must come forward with specific facts showing that there is a genuine issue for trial." *Liverpool*, 442 F. Supp. 3d at 722 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). The non-movant cannot defeat a summary judgment motion by relying on "mere speculation or conjecture as to the true nature of the facts . . . ." *Id.* (quoting *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986)). However, "[i]f there is any evidence from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary

judgment is sought, summary judgment is improper." *Sood*, 2013 WL 1681261, at *2 (citing *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004)).

Should there be no genuine issue of material fact, the movant must establish also its "entitlement to judgment as a matter of law." *In re Davis New York Venture Fund Fee Litig.*, 805 F. App'x 79, 80 (2d Cir. 2020) (quoting *FIH, LLC v. Found. Capital Partners LLC*, 920 F.3d 134, 140 (2d Cir. 2019)). Stated simply, the movant must establish that the law favors the judgment sought. *Gonzalez v. Rutherford Corp.*, 881 F. Supp. 829, 834 (E.D.N.Y. 1995) (explaining "that summary judgment is appropriate only when . . . law supports the moving party"); *Linares v. City of White Plains*, 773 F. Supp. 559, 560 (S.D.N.Y. 1991) (summary judgment is appropriate when "the law so favors the moving party that entry of judgment in favor of the movant . . . is proper").

The Court is, of course, mindful that "[p]ro se litigants are afforded a special solicitude," which includes reading their filings "to raise the strongest arguments they suggest." *Mortimer v. City of New York*, No. 15-CV-07186, 2018 WL 1605982, at *9 (S.D.N.Y. Mar. 29, 2018) (internal quotation marks omitted). "It is through this lens of leniency towards *pro se* litigants that this Court must consider a defendant's motion for summary judgment against a *pro se* plaintiff." *Adams v. George*, No. 18-CV-02630, 2020 WL 5504472, at *5 (S.D.N.Y. Sept. 8, 2020). This status does not, however, excuse a *pro se* litigant from making the showing required to defeat summary judgment. A *pro se* litigant must offer more than bald assertions, completely unsupported by evidence to overcome the summary judgment. *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003) (the mere fact that a litigant is *pro se* "does not relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment").

## ANALYSIS

Plaintiff, in his opposition, withdrew all of his claims except for those under 42 U.S.C. § 1983 for (1) malicious prosecution and (2) illegal search arising from the strip search to which Plaintiff was allegedly subjected during his arrest. (Opp. Br. at 9). Accordingly, the Court deems all claims dismissed with prejudice against the City Defendants except Plaintiff's claims under 42 U.S.C. § 1983 for (1) malicious prosecution and (2) illegal search.

### I.   Unidentified Defendants

Plaintiff names "Police Officer Brown" and "John Does #1-3" as Defendants in the SAC. (SAC ¶¶ 22, 25). The City Defendants aver that there is not now nor was there during the relevant period, a member of the Mount Vernon Police Department named "Brown." (Def. Br. at 23). Plaintiff has failed to identify or serve Brown and the John Doe Defendants. Plaintiff offers no evidence regarding the identity of these Defendants in his Opposition. Given that discovery in this action has now closed, the Court dismisses with prejudice all claims against Defendants Brown and John Does #1-3. *Scott v. City of Mount Vernon*, No. 14-CV-4441, 2017 WL 1194490, at *33 (S.D.N.Y. Mar. 30, 2017) ("[a]s discovery has now closed, the proper course is to dismiss the [unidentified] John Doe Defendants"); *Sachs v. Cantwell*, No. 10-CV-1663, 2012 WL 3822220, at *10 (S.D.N.Y. Sept. 4, 2012) ("[w]here discovery has closed and the [p]laintiff has had ample time and opportunity to identify and serve John Doe [d]efendants, it is appropriate to dismiss those [d]efendants.").

### II.   Personal Involvement

As a fundamental prerequisite "[t]o establish[ing] a § 1983 claim, a plaintiff must show the defendants' personal involvement in the alleged constitutional violation." *Boley v. Durets*, 687 F. App'x 40, 41 (2d Cir. 2017) (citing *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). Simply

being a supervisor is not enough to impute personal involvement onto a defendant; liability exists only where the "defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676). Assertions of personal involvement that are merely speculative are insufficient to establish a triable issue of fact. *See, e.g., Keesh v. Quick*, No. 19-CV-08942, 2022 WL 2160127, at *9 (S.D.N.Y. June 15, 2022).

Plaintiff alleges, with regards to his unlawful search claim, that he was "subject to a strip search while in the precinct." (SAC ¶ 76). Plaintiff avers in his Supplemental Declaration that he "was subjected to a full strip search" without providing any details concerning which Defendants, if any, were involved in the strip search. (Pltf. Suppl. Decl., Ex. A ¶ 20). Plaintiff has failed to put forward any facts showing that any of the Defendants were personally involved in the alleged strip search during his April 26, 2018 arrest. *Cannon v. Port Auth. of New York & New Jersey*, No. 15-CV-04579, 2020 WL 6290665, at *5 (S.D.N.Y. Oct. 27, 2020) (holding that summary judgment is appropriate where a plaintiff fails to identify a "particular defendant as having strip-searched him"); *Blue v. City of New York*, No. 14-CV-07836, 2018 WL 1136613, at *14 (S.D.N.Y. Mar. 1, 2018) (granting summary judgment in defendants' favor where plaintiff failed to cite to any evidence that defendants "were personally involved in his strip search"). Plaintiff's conclusory allegations are insufficient to raise a material issue of fact and to avoid summary judgment. *Razzano v. Remsenburg-Speonk Union Free Sch. Dist.*, No. 20-3718, 2022 WL 1715977, at *1 (2d Cir. May 27, 2022). Accordingly, the City Defendants' motion for summary judgment dismissing Plaintiff's unlawful search claim is granted based upon the lack of personal involvement of any of the City Defendants in the alleged violation.

III.   <u>Malicious Prosecution</u>

First, with regards to Plaintiff's malicious prosecution claim, "it has long been settled that participating in a plaintiff's arrest, without more, is insufficient to establish the requisite initiation" necessary to show personal involvement. *Andrews v. City of New York*, No. 19-CV-05622, 2022 WL 1177660, at *6 (S.D.N.Y. Apr. 20, 2022), *adopted by*, 2022 WL 1711680 (S.D.N.Y. May 27, 2022). Here, it is undisputed that the only involvement Defendants Puff and Stewart had with Plaintiff is that they were part of the team that executed the arrest warrant. (Def. 56.1 ¶¶ 38-39). Mere execution of an arrest warrant, without more, is insufficient to show personal involvement. *Andrews v. City of New York*, 2022 WL 1177660, at *6. Accordingly, the Court grants summary judgment as to Defendants Puff and Stewart, dismissing Plaintiff's malicious prosecution against them based upon the lack of personal involvement in the alleged violation.

A plaintiff, to establish a claim for malicious prosecution under § 1983, must establish the elements of a malicious prosecution claim under New York State law, as well as a violation of the plaintiff's rights under the Fourth Amendment. *Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010). A claim for malicious prosecution under New York state law requires "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Id*. at 161 (internal citation and quotation marks omitted). A claim for malicious prosecution under § 1983 requires the additional element of "a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." *Rohman v. N.Y. City Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000); *Perez v. Duran*, 962 F. Supp. 2d 533, 540 (S.D.N.Y. 2013).

"The existence of probable cause is a complete defense to a claim of malicious prosecution." *Manganiello*, 612 F.3d at 161-62. Although the charge against Plaintiff relating to the undercover controlled drug buy was dismissed, Plaintiff was still indicted on that charge, and "indictment by a grand jury creates a presumption of probable cause." *Id.* at 162 (internal quotation marks omitted). "That presumption may be rebutted only by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Id.* (internal quotation marks omitted). Plaintiff has not offered any evidence that the grand jury indictment was procured by fraud, perjury, suppression of evidence, or bad faith. Plaintiff does not directly dispute the fact that Lewis identified Plaintiff as the individual that sold him narcotics on November 8, 2017. Rather, Plaintiff objects only to Lewis's identification in that Defendants have not submitted a "sworn statement from Officer Lewis" and that Lewis's identification "was made over twenty minutes after the sale had already taken place." (Pltf. 56.1 at 4). Neither of these objections are sufficient to show that the grand jury indictment was procured through any improper means. *See e.g., Jessamy v. Jakasal*, No. 21-214, 2022 WL 1669512, at *2 (2d Cir. May 26, 2022) (holding that "conclusory allegations" that police officers doctored evidence were insufficient to overcome the presumption of probable cause established by a grand jury indictment); *Steinbergin v. City of New York*, No. 21-536, 2022 WL 1231709, at *3 (2d Cir. Apr. 27, 2022) (holding that a plaintiff's assertion that he "never sold drugs" was insufficient to "reasonably support an inference of fraud, perjury, suppression of evidence, or other bad-faith police misconduct"). Plaintiff has failed to overcome the presumption of probable cause created by the grand jury indictment. Accordingly, Defendants' motion for summary judgment dismissing Plaintiff's malicious prosecution claim is granted.

## **CONCLUSION**

For the foregoing reasons, the City Defendants' motion for summary judgment is GRANTED. The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 92 and close this case.

**SO ORDERED.**

Dated:   White Plains, New York
         November 17, 2022

_____
PHILIP M. HALPERN
United States District Judge